IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**ZURICH AMERICAN INSURANCE COMPANY,**

    Plaintiff,

v.

**FIRESTONE BUILDING PRODUCTS COMPANY, LLC**

and

**DOUGLASS COLONY GROUP, INC.,**

    Defendants.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Zurich American Insurance Company, as subrogee of CarVal Investors, LLC, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendants, Firestone Building Products Company, LLC, and Douglass Colony Group, Inc., states as follows:

### PARTIES

1. Plaintiff, Zurich American Insurance Company ("Zurich"), is a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located in Illinois.

2. Zurich is and was at all times relevant authorized to issue policies of property insurance in the State of Colorado.

3. Defendant, Firestone Building Products Company, LLC ("Firestone"), is a limited liability company duly organized under the laws of the State of Indiana, with its principal place of business located at 200 4th Avenue South, Suite 100, Nashville, Tennessee.

4. At all times relevant, Firestone engaged in the business of designing, manufacturing, distributing, marketing, and selling in the United States, among other things, roofing systems marketed with the name "Red Shield Roofing System."

5. Defendant, Douglass Colony Group, Inc. ("Douglass"), is a corporation duly incorporated under the laws of the State of Colorado, with its principal place of business located at 5901 E. 58th Avenue, Commerce City, Colorado.

6. At all times relevant, Douglass engaged in the business of commercial and industrial roof design, installation, and repair.

## JURISDICTION AND VENUE

7. Jurisdiction is founded herein upon 28 U.S.C. § 1332(a)(1) because the damages sought exceed $75,000 and the parties are citizens of different states.

8. This court is an appropriate venue for this action under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## FACTS

9. At all times relevant, Zurich's subrogor, CarVal Investors, LLC ("CarVal"), owned the real property located at 10807 New Allegiance Drive, Colorado Springs, Colorado (the "Building").

10. In or around April 2009, Douglass installed a Firestone Red Shield Roofing System on the Building (the "Roofing System").

11. Firestone provided a 15-year warranty for the Roofing System pursuant to which Firestone promised to repair any leak in the Roofing System (the "Warranty").

12. The Warranty contains an exclusion for damage to the Roofing System caused by wind with speeds in excess of 100 miles per hour.

13. In or around June 2016, the Roofing System failed and allowed a leak (the "2016 leak").

14. Following the 2016 Leak, CarVal properly and timely made a claim for repair under the Warranty.

15. Firestone failed to timely respond to CarVal's warranty claim and did not mobilize repair efforts until November 2016.

16. Douglass was retained to perform the Warranty repairs.

17. Firestone directed and supervised Douglass' Warranty repair work.

18. Once Firestone and Douglass began repairs, they provided only a two-man crew to perform the repair work.

19. On January 9, 2017, a weather event occurred in the area of the Building that featured winds with a maximum speed of 80 miles per hour (the "Wind Event").

20. At the time of the Wind Event, Firestone's and Douglass' repair work was still underway.

21. The area of the Roofing System that was being repaired at the time of the Wind Event was damaged further which allowed water to enter the Building and cause extensive damage.

22. CarVal sustained damages in the amount of $231,688.37 (the "Subject Loss").

23. At all times relevant, Zurich insured CarVal against damage to and loss of use of the Building under a policy of insurance that was in full force and effect at the time of the Wind Event (the "Policy").

24. As a result of the damage to the Building sustained during and after the Wind Event, and pursuant to the applicable policy of insurance, Zurich made payments to or on behalf of CarVal.

25. To the extent of payments made to CarVal under the Policy, Zurich is now contractually and equitably subrogated to CarVal's rights arising from the Subject Loss.

## COUNT I

### Negligence against Firestone

26. Plaintiff incorporates all preceding paragraphs as though fully alleged herein.

27. At all times relevant, Firestone owed CarVal a duty to exercise reasonable care in assembling, designing, developing, distributing, manufacturing, marketing and selling the Roofing System.

28. Firestone, its agents, servants and or/employees breached the duties alleged above in one or more of the following ways:

   a. Failing to adequately and safely design and/or assemble the Roofing System;

   b. Failing to adequately test and inspect the Roofing System prior to the manufacturing, marketing and/or placing of the Roofing System into the stream of commerce;

   c. Failing to adequately test and inspect the Roofing System for the purpose of determining that it would withstand wind speeds between

80 and 100 miles per hour prior to the manufacturing, marketing and/or placing of the Roofing System into the stream of commerce;

d. Designing, developing and manufacturing the Roofing System in a manner such that it was susceptible to failure when exposed to winds between 80 and 100 miles per hour;

e. Distributing, marketing and selling the Roofing System in a condition such that it was susceptible to the risk of failure;

f. Failing and/or omitting to do and perform those things necessary in order to avoid an unreasonable risk of harm to CarVal's real and personal property;

g. Failing to warn consumers, including CarVal, of the substantial risk of failure and associated property damage presented by the manufacture and/or design and normal use of the Roofing System; and

h. Otherwise failing to exercise due care under the circumstances.

29. At all times relevant, Firestone owed CarVal a duty to exercise reasonable care in performing and/or supervising repairs to the Roofing System pursuant to the Warranty.

30. Firestone, its agents, servants and or/employees breached the duties alleged above in one or more of the following ways:

a. Failing to begin the Warranty repairs in a timely manner;

b. Failing to complete the Warranty repairs in a timely manner;

c. Failing to adequately staff the Warranty repair work with enough laborers;

d. Failing to protect the Building from further damage while Warranty repairs were underway;

e. Failing to properly supervise repair work done by Douglass; and

f. Otherwise failing to exercise due care under the circumstances.

31. The Subject Loss was a direct and proximate result of the above-alleged acts and omissions of Firestone for which Firestone is legally liable.

WHEREFORE Plaintiff, Zurich, prays that this Court enter judgment in their favor and against Defendant, Firestone, in an amount in excess of $231,688.37, together with interest, the costs of this action and any other relief this Court deems appropriate.

## COUNT II

### Strict Products Liability against Firestone

32. Plaintiff incorporates all preceding paragraphs as though fully alleged herein.

33. At the time Firestone placed the Roofing System into the stream of commerce, the Roofing System was in a defective and unreasonably dangerous condition in one or more of the following ways:

   a. The Roofing System was, as designed and manufactured, inadequate and unsafe such that the risk of failure was present;

   b. The Roofing System lacked from its design and assembly appropriate protection to guard against the risk of failure to due to wind speeds between 80 and 100 miles per hour;

   c. The Roofing System was distributed, marketed and sold with incomplete or inadequate warnings and instructions related to the risk of failures due to wind speeds between 80 and 100 miles per hour.

34. The Subject Loss was a direct and proximate result of Firestone introducing into the Roofing System the above alleged unreasonably dangerous defects, which defects were present at the time Roofing System sold or otherwise placed the Roofing System into the stream of commerce.

WHEREFORE Plaintiff, Zurich, prays that this Court enter judgment in their favor and against Defendant, Firestone, in an amount in excess of $231,688.37, together with interest, the costs of this action and any other relief this Court deems appropriate.

## COUNT III

### Breach of Express and Implied Warranties against Firestone

35. Plaintiff incorporates all preceding paragraphs as though fully alleged herein.

36. As the manufacturer and/or seller of the Roofing System, Firestone expressly and impliedly warranted that the Roofing System was fit for the particular and ordinary purpose for which it is intended and that the Roofing System was of merchantable quality.

37. Firestone breached its express and implied warranties by introducing the Roofing System into the stream of commerce in a defective and unreasonably dangerous condition as more fully alleged above.

38. Firestone also provided the Warranty to CarVal which guaranteed that Firestone would repair any leak in the Roofing System for a warranty period of 15 years.

39. Following the 2016 Leak, CarVal provided timely and adequate notice to Firestone of CarVal's claim under the Warranty.

40. Firestone breached the Warranty in one or more of the following ways:

   a. Failing to begin the Warranty repairs in a timely manner;

   b. Failing to complete the Warranty repairs in a timely manner;

   c. Failing to adequately staff the Warranty repair work with enough laborers;

   d. Failing to protect the Building from further damage while Warranty repairs were underway.

41.     The Subject Loss was a direct and proximate result of the above referenced breaches of warranty by Firestone for which Firestone is legally liable.

WHEREFORE Plaintiff, Zurich, prays that this Court enter judgment in their favor and against Defendant, Firestone, in an amount of $231,688.37, together with interest, the costs of this action and any other relief this Court deems appropriate.

## COUNT IV

### Negligence against Douglass

42.     Plaintiff incorporates all preceding paragraphs as though fully alleged herein.

43.     At all times relevant, Douglass owed CarVal a duty to exercise reasonable care in performing the original installation of the Roofing System.

44.     Douglass, its agents, servants and or/employees breached the duties alleged above by failing to properly perform the original installation of the Roofing System.

45.     At all times relevant, Douglass owed CarVal a duty to exercise reasonable care in performing the Warranty repairs.

46.     Douglass, its agents, servants and or/employees breached the duties alleged above in one or more of the following ways:

   a. Failing to begin the Warranty repairs in a timely manner;

   b. Failing to complete the Warranty repairs in a timely manner;

   c. Failing to adequately staff the Warranty repair work with enough laborers;

   d. Failing to protect the Building from further damage while Warranty repairs were underway;

   e. Otherwise failing to exercise due care under the circumstances.

47. The Subject Loss was a direct and proximate result of the above-alleged acts and omissions of Firestone for which Firestone is legally liable.

48. WHEREFORE Plaintiff, Zurich, prays that this Court enter judgment in their favor and against Defendant, Douglass, in an amount in excess of $231,688.37, together with interest, the costs of this action and any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of this matter.

Respectfully submitted this 8th day of January, 2019.

By: /s/ *Benjamin J. Migliorino*
Benjamin J. Migliorino, CO Bar #50463
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, CO  80202
Tel: (720) 479-3900
bmigliorino@cozen.com